UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PATRICIA POPE,

    Plaintiff,

v.                                                                Case No.:  3:21cv1821/TKW/EMT

BEACHSIDE BINGO, INC.;
RONALD D. STROBO, individually
and d/b/a BEACHSIDE BINGO
and/or GOLDMINE BINGO;
4830 JACKSON CHARITABLE
GROUP, INC. IRREVOCABLE
TRUST; and 5147 DOGWOOD
CHARITABLE GROUP, INC.
IRREVOCABLE TRUST,

    Defendants.
_____/

## FIRST AMENDED COMPLAINT

COMES NOW the plaintiff, Patricia Pope, by and through her undersigned counsel, and hereby files this First Amended Complaint against defendants, Beachside Bingo, Inc.; 4830 Jackson Charitable Group, Inc. Irrevocable Trust; and 5147 Dogwood Charitable Group, Inc. Irrevocable Trust, and alleges:

### I. *Jurisdiction and Venue*

1.    This Court has jurisdiction of this cause pursuant to 28 U.S.C. § 1331 insofar as claims arise under the Fair Labor Standards Act (FLSA), codified at 29 U.S.C. § 201, *et seq.*  This Court also has supplemental/pendant jurisdiction over

plaintiff's minimum wage claims under the Florida Minimum Wage Act (FMWA) and Section 24, Article X of the Florida Constitution.

2. Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(b) and (c) because the claims arose in this district; defendants have an office and operate in this district; plaintiff was employed, paid, and worked in this district; all causes of action accrued in this district; and defendants are subject to personal jurisdiction in this district.

## *II. Parties*

3. At all times relevant hereto, plaintiff, Patricia Pope, worked at a bingo establishment owned, operated, and/or controlled by one or more of the defendants.

4. At times relevant hereto, defendant Beachside Bingo Inc. employed two or more persons engaged in interstate or foreign commerce and/or engaged in handling and working on goods and materials that have moved in interstate or foreign commerce, and upon information and belief has had gross revenues exceeding $500,000 per year.

5. Defendant Beachside Bingo, Inc. is subject to, and not exempt from, the provisions of the FLSA as well as the minimum wage requirements of Florida law.

6. Originally named defendant Ronald D. Strobo filed for bankruptcy

after this suit was initiated. Because of the automatic stay associated with that bankruptcy, no allegations against Strobo are being advanced at this time, although they would be but for the stay.

7. Thus paragraph is intentionally left blank.

8. At times relevant hereto, defendant 4830 Jackson Charitable Group, Inc. Irrevocable Trust exercised operational control over Beachside Bingo's operations in this district, and played a substantial role in determining the terms and conditions of plaintiff's employment at Beachside Bingo. It also employed two or more persons engaged in interstate or foreign commerce and/or engaged in handling and working on goods and materials that have moved in interstate or foreign commerce, and upon information and belief has had gross revenues exceeding $500,000 per year.

9. Defendant 4830 Jackson Charitable Group, Inc. Irrevocable Trust is subject to, and not exempt from, the provisions of the FLSA as well as the minimum wage requirements of Florida law.

10. At times relevant hereto, defendant 5147 Dogwood Charitable Group, Inc. Irrevocable Trust exercised operational control over Goldmine Bingo's operations in this district, and played a substantial role in determining the terms and conditions of plaintiff's employment at Goldmine Bingo. It also employed

two or more persons engaged in interstate or foreign commerce and/or engaged in handling and working on goods and materials that have moved in interstate or foreign commerce, and upon information and belief has had gross revenues exceeding $500,000 per year.

11. Defendant 5147 Dogwood Charitable Group, Inc. Irrevocable Trust is subject to, and not exempt from, the provisions of the FLSA as well as the minimum wage requirements of Florida law.

### *III. Factual Allegations*

12. Plaintiff began working for Beachside Bingo, Inc. on or about January 13, 2018. At times pertinent hereto, plaintiff was an "employee" of Beachside Bingo Inc. within the meaning of the FLSA as well as the minimum wage requirements of Florida law.

13. Beachside Bingo, Inc. owned/operated at least two bingo halls in Northwest Florida, namely one which operated under the name Beachside Bingo and was located at 4830 West Jackson Street, Pensacola, Florida and another which operates under the name Goldmine Bingo and was located at 5147 Dogwood Drive, Milton, Florida.

14. Beachside Bingo, Inc. was at all times relevant hereto engaged in commercial activities and competed with other private businesses.

15. Throughout plaintiff's employment at Beachside Bingo, Inc., it failed to pay her the minimum wages required under the FLSA as well as the minimum wage requirements of Florida law.

16. Additionally, when plaintiff worked for more than 40 hours in a workweek for defendant Beachside Bingo, Inc. failed to compensate her at the legally required rate for those overtime hours.

17. In or around July 2018, employees of Beachside Bingo, Inc. were advised that they would no longer be paid for <u>any</u> of the hours that they worked; instead, the only compensation they would receive would be in the form of tips received from patrons.

18. Consequently, the last day of work for which plaintiff was compensated for her labor at Beachside Bingo by defendant Beachside Bingo, Inc. was on or about July 28, 2018.

19. Other than no longer paying plaintiff, however, nothing else about plaintiff's employment with defendant Beachside Bingo, Inc. changed at that time.

20. Although plaintiff generally performed her duties at the Beachside Bingo establishment, from September 2018 to November 2018 she was additionally permitted to perform services at the Goldmine Bingo establishment owned, operated, and controlled by defendant Beachside Bingo, Inc.

21. Upon information and belief, on or about October 1, 2018 defendant 4830 Jackson Charitable Group, Inc. Irrevocable Trust was formed, after which the operations at Beachside Bingo were purportedly transferred to that entity, in whole or in part.

22. Upon information and belief, on or about October 1, 2018 defendant 5147 Dogwood Charitable Group Inc. Irrevocable Trust was formed, after which the operations at Goldmine Bingo were purportedly transferred to that entity, in whole or in part.

23. Nevertheless, defendant Beachside Bingo, Inc. retained at least some operational control of both Beachside Bingo and Goldmine Bingo.

24. Moreover, while plaintiff was working for and jointly employed as an "employee" by Beachside Bingo, Inc.; 4830 Jackson Charitable Group, Inc. Irrevocable Trust; and 5147 Dogwood Charitable Group Inc. Irrevocable Trust, plaintiff was paid no wages for time spent working at Beachside Bingo and/or Goldmine Bingo.

25. Additionally, when plaintiff worked more than 40 hours in a workweek for by Beachside Bingo, Inc.; 4830 Jackson Charitable Group, Inc. Irrevocable Trust; and 5147 Dogwood Charitable Group Inc. Irrevocable Trust, plaintiff was not paid overtime wages.

26. At all times relevant hereto, Beachside Bingo and Goldmine Bingo, as operated and controlled by defendants, sold and hosted games of chance, participated in the gambling and/or entertainment sectors of the economy, and otherwise engaged in commercial activities and competed with other private businesses.

27. At no point during her employment at either Beachside Bingo or Goldmine Bingo was plaintiff properly paid the minimum wages or overtime wages owed to her by any defendant.

28. Plaintiff's employment with defendants at Beachside Bingo ended on or about June 17, 2019.

29. Upon information and belief, defendants also failed to keep and preserve records of those employed by them and the wages, hours, and other conditions and practices of employment as required by 29 U.S.C. § 211(c).

### IV. Count I -- Violation of Fair Labor Standards Act
### (Minimum Wages)

30. Plaintiff realleges and incorporates herein paragraphs 1 through 29, above.

31. Defendants are subject to, and not exempt from, the provisions of the FLSA.

32. Plaintiff was entitled to, and not exempt from, the protections and

provisions of the FLSA. Additionally, there were no exemptions under the FLSA which would be applicable to plaintiff.

33. Throughout plaintiff's employment with defendants, defendants were fully aware of the FLSA and the obligations imposed by it to pay plaintiff the required minimum wages.

34. Nevertheless, defendants failed to compensate her at the legally required wage.

35. Such conduct of defendants constituted a violation of the FLSA, as well as a willful and intentional violation thereof.

36. As a result of defendants' violation of the FLSA, plaintiff has been denied compensation for her labor at the legally required rate.

37. Moreover, plaintiff has had to retain an attorney in order to collect the legally required minimum wages owed to her by defendants.

WHEREFORE, plaintiff demands judgment against defendants for all unpaid minimum wages due; an additional equal amount as liquidated damages; interest, including pre-judgment interest; costs; attorneys' fees; and any other relief to which she may be entitled.

### V. Count II --Violation of Fair Labor Standards Act
### (Overtime Compensation)

38. Plaintiff realleges and incorporates herein paragraphs 1 through 29,

above.

39. Defendants are subject to, and not exempt from, the provisions of the FLSA.

40. Plaintiff was entitled to, and not exempt from, the protections and provisions of the FLSA. Additionally, there were no exemptions under the FLSA which would be applicable to plaintiff.

41. Throughout plaintiff's employment with defendants, defendants were fully aware of the FLSA and the obligations imposed by it to pay overtime compensation for hours worked by plaintiff in excess of 40 hours in a workweek.

42. Nevertheless, defendants willfully and intentionally failed and refused to properly compensate plaintiff and pay her overtime wages. Such conduct of defendants constituted a violation of the FLSA, as well as a willful and intentional violation thereof.

43. As a result of defendants' violation of the FLSA, plaintiff has been denied compensation for her labor at the legally required rate.

44. Moreover, plaintiff has had to retain an attorney in order to collect the overtime wages owed to her by defendants.

WHEREFORE, plaintiff demands judgment against defendants for all unpaid overtime compensation; an additional equal amount as liquidated damages; interest, including pre-judgment interest; costs; attorneys' fees; and any other relief

to which she may be entitled.

### VI.  Count III  -- Florida Minimum Wage Act Claim
### (Section 448.110, Florida Statutes)

45. Plaintiff realleges and incorporates herein paragraphs 1 through 29, above.

46. Defendants are subject to, and not exempt from, the provisions of the Florida Minimum Wage Act (FMWA), which is codified in Section 448.110, Florida Statutes.

47. Plaintiff was entitled to, and not exempt from, the protections and provisions of the FMWA.  Additionally, there were no exemptions under the FMWA which would be applicable to plaintiff.

48. Throughout 2018, the minimum wage required by Florida law was $8.25 per hour, and in 2019 Florida required a minimum wage of $8.46 per hour. Defendants were also fully aware of these requirements.

49. Nevertheless, defendants willfully and intentionally failed and refused to properly compensate plaintiff.  Such conduct of defendants constituted a violation of the FMWA, as well as a willful and intentional violation thereof.

50. As a result of defendants' violation of the FMWA, plaintiff has been denied compensation for her labor at the legally required rate.

51. Plaintiff has complied with the pre-suit requirements delineated in Section 448.110(6), <u>Florida Statutes</u>, as she provided defendants 15 calendar days written notice of her intent to initiate an action for violations of the FMWA, during which time the claim was not resolved.

52. Moreover, plaintiff has had to retain an attorney in order to collect the minimum wages owed to her by defendants.

WHEREFORE, plaintiff demands judgment against defendants for all unpaid minimum wages; an additional equal amount as liquidated damages; interest, including pre-judgment interest; injunctive relief; costs; attorneys' fees; and any other relief to which she may be entitled.

### VII.  Count IV -- Florida Minimum Wage Act Claim
### (Section 24, Article X, Florida Constitution)

53. Plaintiff realleges and incorporates herein paragraphs 1 through 29, and 48, above.

54. Defendants are subject to, and not exempt from, the minimum wage requirements articulated in Section 24, Article X of the Florida Constitution.

55. Plaintiff was entitled to, and not exempt from, the minimum wage protections and provisions of the Florida Constitution.  Additionally, there were no exemptions to the minimum wage requirements of the Florida Constitution which would be applicable to plaintiff.

56. Nevertheless, defendants willfully and intentionally failed and refused to properly compensate plaintiff in accordance with her rights under Section 24, Article X of the Florida Constitution. Such conduct of defendants constituted a violation of plaintiff's minimum wage rights under the Florida Constitution as well as a willful and intentional violation thereof.

57. As a result of defendants' violation of the minimum wage requirements of the Florida Constitution, plaintiff has been denied compensation for her labor at the legally required rate.

58. All conditions precedent to bringing this action, if any, have occurred or have been met.

59. Moreover, plaintiff has had to retain an attorney in order to collect the minimum wages owed to her by defendants.

WHEREFORE, plaintiff demands judgment against defendants for all unpaid minimum wages; an additional equal amount as liquidated damages; interest, including pre-judgment interest; injunctive relief; costs; attorneys' fees; and any other relief to which she may be entitled.

*Plaintiff demands a jury trial on all issues contained in this First Amended Complaint which are so triable.*

                                        Respectfully submitted,

                                        s/Bradley S. Odom  
                                        Bradley S. Odom, Esq.  
                                        Florida Bar Number:   932868  
                                        Richard D. Barlow, Esq.  
                                        Florida Bar Number:  0425176  
                                        ODOM & BARLOW, P.A.  
                                        1800 North "E" Street  
                                        Pensacola, Florida 32501  
                                        (850) 434-3527  
                                        email@odombarlow.com  
                                        Attorneys for Plaintiff